IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONNIE JAMES,                          :

     Petitioner,                      :

v.                                     :
                              CIVIL ACTION 06-0290-KD-M

KENNETH JONES,                         :

     Respondent.                      :

REPORT AND RECOMMENDATION

     This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner Ronnie James on all claims.

# I.  Case History

## a.  Conviction and State Court Proceedings

     Petitioner was convicted of manslaughter in the Circuit Court of Escambia County on June 12, 2002 for which he received a sentence of life in the state penitentiary, pursuant to the

Alabama Habitual Offender Act (Doc. 6, pp. 2-3; *see* Doc. 14, p. 3). James appealed to the Alabama Court of Criminal Appeals which affirmed the conviction and sentence (Doc. 14, Exhibit D); that Court also overruled James's application for rehearing (Doc. 14, Exhibits E, F). Petitioner sought *certiorari* in the Alabama Supreme Court, but it was denied on December 12, 2003 (Doc. 14, Exhibits G, H).

Petitioner filed his first State Rule 32 petition on May 6, 2004 (Doc. 14, Exhibit I, p. 13). The petition was denied and dismissed on July 20, 2004 (*id.* at p. 5). On appeal, the Alabama Court of Criminal Appeals affirmed the lower court decision (Doc. 14, Exhibit L). James's petition for *certiorari* was denied on March 11, 2005 (Doc. 14, Exhibit P).

Petitioner filed a second State Rule 32 petition on December 10, 2004 (Doc. 14, Exhibit Q, p. 37); the trial court summarily dismissed the petition (*id.* at p. 41). The Alabama Court of Criminal Appeals affirmed that decision (Doc. 14, Exhibit T); the Alabama Supreme Court, denied James's petition for *certiorari* on April 14, 2006 (Doc. 14, Exhibit Y).

**b. Petitioner's Federal Petition**

Petitioner filed a complaint with this Court on May 8, 2006, raising numerous claims.[1] The following claims were previously

---

[1]Petitioner apparently raises, in this federal petition, every claim that has been previously raised; James states his claims in order of their having been raised at each procedural stage of the

raised by James on direct appeal:

> (1) Whether the trial court erred in giving the State's requested jury charge on flight evidence.
>
> (2) Whether the trial court erred in giving the State's requested jury charge on a defendant's duty to run as established under the common law of Alabama on self-defense.
>
> (3) Whether Mr. James received ineffective assistance of counsel.
>
> (4) Whether there was sufficient evidence to convict Mr. James of manslaughter.

(Doc. 6, p. 8).  The following claims were raised in James's first State Rule 32 petition:

> (1) Ineffective Assistance of Trial Counsel in that
>
> > (a) Counsel failed to conduct an adequate defense investigation upon the procedures used by the police and district attorney to solicit information, testimony, and investigation of accused, by State witness Karma Russell. (T-224)
> >
> > (b) Counsel failed to obtain a pre-trial or in-court lawful identification of the defendant by State's witness Russell, as the person who committed the offense.

---

litigation process (*see* Doc. 6).  Specifically, the first set of claims are described as those that were raised on direct appeal; James next raises, as a group, the claims raised in his first Rule 32 petition.  Finally, Petitioner reasserts claims that were raised in his second Rule 32 petition.

Respondent has answered and addressed these claims in the same format presented by Petitioner (Doc. 14).  Though a bit unwieldy, the Court will also address the claims herein as presented by James.

(T-229-230)

(c) Counsel failed to adequately cross
examine key and crucial State witness,
specifically police investigator
Brantley, thus prejudicing the defense.
(T-453)

(d) Counsel failed to avoid prejudicial
conflict of interest due to State
witness Brantley dual and multiple
interests in case as lead investigator
and representative for alleged victim
family members.

(e) Counsel failure to file motion for
continuance upon State notification to
call State witness Karma Russell to
testify, and failure to properly and
fully investigate information, evidence,
and statements of Russell prior to
trial.  Tr. 224

(f) Counsel failed to object to *Batson*
violation by prosecutor who
intentionally used peremptory challenges
to remove blacks from the jury.

(g) Counsel failure to secure and
investigate statement and tape recording
given to the police by State witnesses,
Russell, and taped statement to Chief on
May 30, 2002.  Pr. 224

(h) Counsel failure to avoid prejudice
due to prosecutorial misconduct.  During
the prosecution of this case the records
and evidence will support a finding that
the prosecutor used his authority to
threaten and intimidate defense
witnesses, (Lee's) 2nd other defense
witnesses, including Debris Green.  See:
Pr. 99

(i) Counsel failed to preserve
reversible errors during trial for
appellate review via exception and/or
objections during trial.

4

(2) Ineffective Assistance of Appellate
Counsel in that

    (a) Counsel failure to file an adequate
    motion for new trial.  See T-575

    (b) Counsel failure to adhere to the
    mandatory State court appellate
    procedural requirements announced in *Ex
    parte Jackson* in raising claims of
    ineffective assistance of counsel on
    direct appeal.  (T-566)

    (c) Counsel failure to file adequate
    motion for new trial.

    (d) Counsel failure to investigate and
    file adequate motion for new trial based
    upon the State and Court use of invalid
    and/or unconstitutionally defective
    prior conviction, (an unlawful amended
    indictment for Discharging a firearm
    into an Unoccupied Dwelling), to enhance
    sentence.  (10/10/02 hearing).

(3) Other Claims of Ineffective Assistance of
Counsel in that

    (a) Counsel failure to request jury
    instruction of negligent homicide, a
    lesser included offense. (T-299 & 467)

    (b) Counsel failure to object to count
    conducting jury charge instruction
    before jury, outside the presence of
    defendant. (T-526)

    (c) Counsel failure to preserve each
    adverse ruling for appellate review of
    reversible errors.

    (d) Counsel failure to object to
    improper jury instructions.

    (e) Counsel failure to attend each
    proceeding during the trial, and
    substituting counsel without defendant's

consent.

(f) Counsel failure to object to
prosecutor's actions in his improper and
prejudicial closing arguments,
intimidating defense witnesses, improper
identification procedures used to
identify the defendant, in and out of
court.  (T-472, T-99)

(g) Counsel failure to object to illegal
prior conviction used to enhance
sentence.

(4) Jurisdictional Claims of Ineffective
Assistance of Counsel in that

(a) [Counsel] failed to conduct an
adequate investigation to prevent
defendant from receiving an enhanced
punishment by trial court usage of a
constitutionally invalid prior
conviction and/or illegal amendment to
indictment used to enhance sentence.

(b) Counsel failure to object, and/or
file motion(s) of acquittal and new
trial in that the defendant was never
lawfully identified during pre-trial,
and trial, as the person who committed
the offense, and by the only State
witness claiming to ID the defendant.

(c) Counsel failure to object, and/or
file motions of acquittal or new trial
in that prosecuting attorney was the
only person to identify the defendant
in-court as the person who committed the
offense.

(d) Counsel failure to fully exhaust
each claim of ineffective assistance of
counsel to the Alabama Supreme Court,
after conviction being affirmed on
direct appeal, thus barring review of
those specific claims on habeas review
in the federal court.

6

(Doc. 6, pp. 9-11).  The following claims were raised in James's

second State Rule 32 petition:

> (1) The State relied upon the eye witness
> identification of James to arrest, charge,
> indict, try and convict, and to sentence
> James from State's witness, Karma Russell.
> The facts and evidence of this case show that
> the Chief Investigator of the crime, officer
> Brantley, the Chief of Police, and agents in
> the district attorney's office for Escambia
> County, AL, conducted an illegal pre-trial
> investigations procedure with Karma Russell,
> forcing her to identify James as the person
> who committed the offense.  During the actual
> trial of James, Russell provided no in-court
> identification that the defendant committed
> the offense, and in fact, the only in-court
> identification that the defendant committed
> the offense came from the prosecuting
> attorney himself.  *Stovall v. Denno*, 388 U.S.
> 293 (1967).
>
> (2) The Chief Police Investigator, Officer
> Brantley, during the investigation of this
> offense, made statements and promises to the
> sister of the victim, Ms. Matthews, who is an
> Alabama State employee, and other family
> members of the victim, that he would also act
> and serve as the "representative" to insure
> that the defendant would be convicted.
> Petitioner avers that this dual role of
> Officer Brantley, and the illegal actions he
> coordinated, and/or participated in during
> prosecution and trial, represented a conflict
> of interest and prejudice his right to a fair
> trial.  Notwithstanding, the trial records
> show that this same investigator, during
> trial, sat at the prosecutor's table and it
> was declared during trial he "represented"
> the victim and victim family members.
>
> (3) The State in this case and prosecution
> intentionally withheld the illegal
> identification procedures used with State
> witness Karma Russell, and her exculpatory

statements that James did not commit the
offense, violating his rights to discovery,
and prejudice his right to a fair trial.
*Brady v. Maryland*, 373 U.S. 83 (1963).

(4) Once trial counsel did learn of the
State's intent to call Russell to testify
against the defendant, counsel failed to file
a motion to continue as required by competent
counsel, thus depriving the defendant of a
fair trial, and resulted in prejudice.

(5) Prior to the defendant's trial the
prosecutor threaten several defense witnesses
with criminal charges and prosecution if they
testified on behalf of the defendant.
Defense, and State witnesses were coerced,
threatened, and intimidated by the Escambia
County District Attorney, Assistant District
Attorney, and/or agents from their office and
law enforcement agencies, including, but not
limited to the following persons:  (1) Debris
Green; (2) Steven Brown; (3) Patsy Brown; (4)
Jimmy Lee.  Each of these four persons had
previously given statements and/or testimony
which would have led to an acquittal of the
charges against the defendant, had they not
been threatened with criminal prosecution by
State prosecutors and agents.

(6) Petitioner avers that at no time during
his actual trial was he identified by a
witness as the person who committed the
offense, and that no jury instruction were
requested, or given to the jury on
circumstantial evidence.

(7) Petitioner avers that during the jury
selection process the prosecutor
intentionally used his peremptory challenges
to remove blacks from the jury in violation
of the constitutional protections in *Batson
v. Kentucky*.

(8) Petitioner avers that during periods when
the trial court charged the jury the
defendant was not present and did not waive
his rights to be present, and to attend all

8

critical stages of the prosecution.

(9) Petitioner avers that a prior conviction for discharging a firearm in an unoccupied dwelling, wherein said conviction was the product of a void indictment, was used to enhance sentence.  Said prior conviction was the product of an unlawful amendment to the indictment.

(10) Petitioner avers that the only state witness who could allegedly identify the defendant as the person who committed the offense, Karma Russell, was told by investigating officer Brantley, and the Chief of Police for the City of Brewton, Alabama, that Ronnie James had committed the offense, showing her a single photograph of James, then asking her to identify James.  Russell's pre-trial statements were also taped by these officers, but this evidence was withheld from the defense.

(11) Petitioner avers that each stated grounds for relief are factual, supported by the court records, and factually supported by the trial transcript, and was not raised by counsel on direct appeal.  Petitioner further avers that had appellate counsel raised these and other claims on direct appeal, the outcome on appeal would have been different.

(12) Petitioner avers that appellate counsel did not fully exhaust each claim he raised on direct appeal, on writ of certiorari review to the Alabama Supreme Court, and counsel abandonment of those claims not presented and exhausted to the State's highest court resulted in[2] prejudice, and for future claims by the State of procedural default.

(13) Petitioner avers that appellate counsel

---

[2]The remaining language in this claim and claims thirteen and fourteen do not appear in Petitioner's original habeas petition or in the amended one (Docs. 1, 6), but have been provided by Respondent who has also addressed those claims (Doc. 14, pp. 17-18, 27-28).

failed to consult with defendant upon any
claims or matters relating to direct appeal,
and that appellate counsel improperly raised
claims of ineffective assistance of trial
counsel(s) which is now prejudice to the
defendant, to raise claims on post conviction
State court actions.

(14) Petitioner avers that the errors and/or
omission cited within this petition deprived
the defendant of his Sixth Amendment rights
to effective assistance of counsel.
*Strickland v. Washington*, 466 U.S. 668
(1984).

(Doc. 6, pp. 12-14). Respondent has answered the petition,
claiming that many of the claims are procedurally defaulted and
that this Court should not consider their merit (Doc. 14, pp. 19-
28). Petitioner has filed a Reply to Respondent's assertions
(Doc. 20). The Court will proceed with the procedural default
analysis of the claims in the order that they are presented
above.

## II.  Procedural Default

In the United States Supreme Court decision, *Harris v. Reed*,
489 U.S. 255 (1989), the Court discussed procedural default and
stated that "a procedural default does not bar consideration of a
federal claim on either direct or habeas review unless the last
state court rendering a judgment in the case 'clearly and
expressly' states that its judgment rests on a state procedural
bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*,
472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S.

1032, 1041 (1983).  This Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a determination by a state appellate court affirming, without written opinion, a lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.  The Court further notes, however, that, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

   **a.  Claims Raised on Direct Appeal**

   Petitioner has raised four claims which he states were raised on direct appeal (Doc. 6, p. 8).  As noted by Respondent, James candidly admits that the third and fourth claims were not raised in the petition for *certiorari* to the Alabama Supreme Court (Doc. 14, p. 20; *see also* Doc. 6, p. 8).

   Evidence confirms that the four claims asserted to have been raised on direct appeal were, in fact, raised before the Alabama Court of Criminal Appeals (Doc. 14, Exhibit B), but that the third and fourth claims were not raised in the *certiorari* petition (Doc. 14, Exhibit G).  Because Petitioner did not pursue claims three and four (of the claims described as having been

11

raised on direct appeal) in a timely fashion before the Alabama Supreme Court, they are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Claims three and four are procedurally defaulted under *O'Sullivan*.

This Court further notes that Petitioner's first claim—whether the trial court erred in giving the State's requested jury charge on flight evidence—was found to be procedurally defaulted by the Alabama Court of Criminal Appeals because he changed the nature of his claim between the time it was raised at trial and when he raised it on appeal (Doc. 14, Exhibit D, pp. 2-4). This claim is procedurally defaulted in this Court under *Harris*, *Coleman*, and *Ylst*.

Petitioner's second claim—whether the trial court erred in giving the State's requested jury charge on a defendant's duty to run as established under the common law of Alabama on self-defense—is not procedurally defaulted. The Court will discuss the merit of this claim later in this report.

### b. Claims Raised in the First State Rule 32 Petition

Respondent has argued that all claims raised in Petitioner's first State Rule 32 petition are procedurally defaulted (Doc. 14, pp. 24-25).

12

### i.  Ineffective Assistance of Trial Counsel Claims

Petitioner has raised nine different claims of ineffective assistance of trial counsel in his first State Rule 32 petition (Doc. 6, pp. 9-10).  Respondent asserts that all of them are procedurally defaulted because the Alabama Court of Criminal Appeals held that they "were precluded on state procedural grounds" (Doc. 14, p. 24).

Evidence shows that James did, in fact, raise claims a - i under the title captioned "Ineffective Assistance of Trial Counsel" in his first State Rule 32 petition (Doc. 14, Exhibit I, pp. 14-15).  In response to that petition, the District Attorney filed a Motion to Dismiss the petition on the grounds that (1) the claims were procedurally defaulted as they had not been properly, previously, raised; (2) there was no new evidence; and (3) no claim had been made upon which relief could be granted (*id.* at p. 29).  The trial judge, without explanation, granted the Motion to Dismiss (*id.* at p. 5).  On appeal, the Alabama Court of Criminal Appeals found that these claims were "barred by Rules 32.2(a)(2)[3] and 32.2(a)(4),[4] Ala.R.Crim.P., because James

---

[3]"A petition will not be given relief under this rule . . . [w]hich was raised or addressed at trial."

[4]"A petitioner will not be given relief under this rule . . . [w]hich was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised."

previously challenged trial counsel's performance at a hearing on his motion for a new trial and on direct appeal" (Doc. 14, Exhibit L, p. 2) (footnotes added).

The Court finds that these claims are procedurally defaulted on the basis of Ala.R.Crim.P. 32.2(d) which states the following:

> "Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition."

As noted earlier, James, on direct appeal, raised the claim that he received ineffective assistance of trial counsel.  Petitioner should have raised all of the particularized claims of ineffective assistance that were raised in his first State Rule 32 petition on direct appeal; because he did not, the Alabama Court of Criminal Appeals found those claims to be procedurally defaulted.  This Court finds that all of these claims are procedurally defaulted under Ala.R.Crim.P. 32.2(d) and *Harris*.[5]

### ii.  Ineffective Assistance of Appellate Counsel Claims

---

[5]The Court notes that Respondent, in his most recent response, has discussed the merit of three of these claims because of their similarity to claims addressed by the appellate court on direct appeal (Doc. 29, pp. 11-16).  This Court need not address the merit of those claims, however, as James's ineffective assistance of trial counsel claim was dropped when he sought *certiorari* before the Alabama Supreme Court, rendering it procedurally defaulted, for this Court's purposes, under *O'Sullivan*.

Petitioner has raised four claims charging his appellate counsel with ineffective assistance (Doc. 6, pp. 10).  Respondent has asserted that these claims are procedurally defaulted because of language in the Alabama Court of Criminal Appeals' decision in the appeal of the denial of that petition (Doc. 14, p. 24).

The evidence shows that Petitioner did, in fact, raise the four claims charging his appellate counsel with ineffective assistance in his first Rule 32 petition (Doc. 14, Exhibit I, pp. 15-16).  As noted previously, the trial judge granted the District Attorney's Motion to Dismiss without any written explanation (*id.* at p. 5; *see also* p. 29).  On appeal, the Alabama Court of Criminal Appeals first quoted Ala.R.Crim.P. 32.3 in finding that James had "'the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle [him] to relief'" (Doc. 14, Exhibit L, p. 2).  The Appellate Court went on to find that the ineffective assistance of appellate counsel claims were barred because they were insufficiently pled under Alabama Rule of Criminal Procedure 32.6(b)[6] (Doc. 14, Exhibit L, pp. 2-3).

The Court notes this procedural bar has been specifically upheld, in an unpublished opinion, by the Eleventh Circuit Court

---

[6]"The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

of Appeals. *Jenkins v. Bullard*, 2006 WL 3635410, **3-6 (11th Cir. December 13, 2006); *see also Reed v. Jones*, 2000 WL 1848148, *5 (S.D. Ala. 2000). Therefore, the Court finds that Petitioner's four claims, which assert the ineffective assistance of his appellate counsel and which were also raised in his first State Rule 32 petition, are procedurally defaulted.

### iii.   Other Claims of Ineffective Assistance of Counsel

James has raised six different claims under this caption (Doc. 6, pp. 10-11). Respondent has asserted that they are all procedurally defaulted (Doc. 14, p. 24).

The evidence demonstrates that these claims were, in fact, raised in Petitioner's first State Rule 32 petition (Doc. 14, Exhibit I, p. 16). The Court finds that each of these six claims are attributable to trial counsel's ineffectiveness as they raise issues pertinent to conducting a trial. The Alabama Court of Criminal Appeals did not specifically address these six claims on the merits, but, as noted earlier, found the claims to be barred because the ineffective assistance of trial counsel had been raised and addressed previously (Doc. 14, Exhibit L, p. 2).

Earlier in this report, this Court set out the language of Ala.R.Crim.P. 32.2(d), stating that claims of ineffective assistance of counsel should be brought as soon as practicable and could not be raised in successive petitions. These claims should have been brought on James's direct appeal when he first

16

raised the ineffective assistance of trial counsel claim; because they were not, the Alabama Court of Criminal Appeals found them barred in the appeal of the Rule 32 petition.   This Court also finds these claims to be barred under the rules of Ala.R.Crim.P. 32.2(d) and *Harris*.

> ### iv.  Jurisdiction Claims of Ineffective Assistance of Counsel

Petitioner has raised four claims which he has characterized as jurisdictional claims of ineffective assistance of counsel (Doc. 6, p. 11).   Evidence shows that these claims were, in fact, raised in James's first State Rule 32 petition (Doc. 14, Exhibit I, p. 14).   The Court will construe claims a-c against trial counsel while claim d will be construed against appellate counsel in that the subject-matter of those claims renders no other reasonable decision.   As noted earlier, the Alabama Court of Criminal Appeals found all of these to be procedurally defaulted (Doc. 14, Exhibit L).

Consistent with previous findings, the Court finds that claims a-c raised under the "Jurisdictional Claims of Ineffective Assistance of Counsel" umbrella, which were also raised in James's first Rule 32 petition, are procedurally defaulted as they should have been raised on direct appeal; because they were not, they are procedurally defaulted under Ala.R.Crim.P. 32.2(d) and *Harris*.   The Court finds that claim d is procedurally defaulted under Ala.R.Crim.P. 32.6(b), *Jenkins*, and *Harris*.

17

**c.  Claims Raised in the Second State Rule 32 Petition**

Petitioner has raised fourteen claims which he asserts were raised in his second State Rule 32 Petition (Doc. 6, pp. 12-14). Respondent has asserted that these claims are procedurally defaulted under language written in the decision issued by the Alabama Court of Criminal Appeals (Doc. 14, p. 28).

Evidence confirms that James did, in fact, raise, fourteen claims in his second State Rule 32 petition that have been raised again herein (Doc. 14, Doc. Q, pp. 30-35).  The District Attorney filed a Motion to Dismiss arguing the following:  (1) the petition was successive; (2) there was no new evidence; and (3) there was no claim upon which relief could be granted (*id.* at p. 40).  The Circuit Court granted the Motion to Dismiss, though no explanation was given (*id.* at p. 41).  On appeal, the Alabama Court of Criminal Appeals specifically found that all of the claims were procedurally barred because they had not been brought in a timely manner under Ala.R.Crim.P. 32.2(c)[7] (Doc. 14, Exhibit T, pp. 4-5).

The Court finds that these fourteen claims fall within the language of *Harris*.  Therefore, the Court finds that Petitioner's

---

[7]"The Court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed:  (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P."

18

fourteen claims—claims one through fourteen brought in James's second State Rule 32 petition—are procedurally defaulted.

### d.  Summary of Procedural Default Findings

In summary, the Court has found that all claims, except for the second claim which was raised on direct appeal, are procedurally defaulted.  However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merit of those claims, as is the case here, all chance of federal review is not precluded.  The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

19

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts (*see* Doc. 20).  Furthermore, James has not shown that this Court's failure to discuss the merit of these forty-one claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers the first claim and the final forty claims raised in this Court to be procedurally defaulted and the Court will not address their merit.

## III.  Discussion of Petitioner's Remaining Claim

Petitioner has raised one claim in this petition which is not procedurally defaulted.  That claim is whether the trial court erred in giving the State's requested jury charge on a defendant's duty to run as established under the common law of Alabama on self-defense.  The specific charge being challenged was as follows:  "I charge you, ladies and gentlemen of the jury, that if the man can, by running, avoid the taking of a human life it is his solemn duty to do so, if, by doing so, he does not apparently increase his peril" (Doc. 25, p. 505).

The Court notes at the outset that "improper jury instructions can never be the basis for federal habeas corpus relief unless the instruction rendered the whole trial so unfair as to amount to a denial of due process." *Jones v. Dugger*, 888 F.2d 1340, 1343 (11th Cir. 1989), *citing Carrizales v.*

20

*Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).  The Court further notes that "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989) (*quoting Tyree v. White*, 796 F.2d 390, 392-93 (11th Cir. 1986) (*citing Missouri v. Hunter*, 459 U.S. 359 (1983))).

The Alabama Court of Criminal Appeals, on direct appeal, reviewed this claim, noted that the Alabama statute on self defense[8] was also given, and found no state law violation (Doc. 14, Exhibit D, pp. 4-5; *see also* Doc. 25, p. 504).  The Alabama Supreme Court found no error in this finding (*see* Doc. 14, Exhibit H).  So, to the extent that the appellate decision is based on state law, this Court is bound by that decision under *Beverly*.

This Court has, however, reviewed the entire jury charge (Doc. 25, pp. 486-511, 518-21, 526-34), focusing on the part of the charge dealing with flight and self-defense (*id.* at pp. 502-07), and finds nothing there indicating that any part of the instruction "rendered the whole trial so unfair as to amount to a denial of due process." *Jones*, 888 F.2d at 1343.  Petitioner has

---

[8]That statute states: "a person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety [b]y retreating . . ."  Ala. Code § 13A-3-23(b)(1).

failed to show this Court how this jury charge was improper or prejudiced him in any way.

## IV.   Report Summary and Recommendation

Petitioner raised forty-two claims in bringing this action. The Court has found forty-one of those claims to be procedurally barred from review because they were not properly raised in the State courts for their consideration.  The remaining claim is without merit.

Therefore, based on review of the entire record, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner Ronnie James on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with

a copy of the recommendation, unless a different time
is established by order.  The statement of objection
shall specify those portions of the recommendation to
which objection is made and the basis for the
objection.  The objecting party shall submit to the
district judge, at the time of filing the objection, a
brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed de
novo and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 1st day of May, 2007.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

23